UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| PAUL D. PIERSON | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** (IN CHAMBERS):

1) **DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) AND 9(b)** (filed 11/30/09), and
2) **DEFENDANTS' MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT PURSUANT TO 12(f)** (filed 11/30/09)

## I. INTRODUCTION

On September 10, 2009, plaintiffs Steven C. Bruce ("Bruce") and Norman T. Wesley, Jr. ("Wesley") filed the instant class action against Harley-Davidson, Inc. and Harley-Davidson Motor Company, Inc. (collectively "Harley-Davidson"). On November 9, 2009, plaintiffs filed a first amended complaint ("FAC") against Harley-Davidson alleging claims for (1) violation of the California Consumers Legal Remedies Act, Cal. Civil Code § 1750 *et seq.* ("CLRA"); (2) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); (3) fraud by omission; (4) breach of the implied warranty, pursuant to Song-Beverly Consumer Warranty Act, Cal. Civil Code §§ 1791.1 and 1792 *et seq.* ("Song-Beverly Act"); and (5) unjust enrichment.

On November 30, 2009, Harley-Davidson filed the instant motions to dismiss the FAC and to strike portions of the FAC. Plaintiffs filed their opposition on December 16, 2009. On December 31, 2009, Harley-Davidson filed its reply. A hearing was held on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

January 11, 2010. At the hearing, the Court tentatively expressed some doubt as to the viability of the present motion, however, after carefully considering the arguments set forth by both parties, the Court grants in part and denies in part defendants' motion for the reasons set forth below.

## II.    FACTUAL BACKGROUND

Plaintiffs Bruce and Wesley, citizens of California, are owners of Harley-Davidson motorcycles.[1]  FAC ¶¶ 16, 22.  They allege that Harley-Davidson is a Wisconsin corporation.  Id. ¶ 27.  According to plaintiffs, beginning in 2002, if not earlier, Harley-Davidson manufactured and sold to California consumers Harley-Davidson vehicles from certain model years ("Class Vehicles") that it knew had a design flaw and/or defect.  Id. ¶ 1.  The alleged defect causes "severe wobbling, weaving and/or instability,"often at higher speeds usually beginning around 55 to 65 miles per hour and is especially prevalent when riders are making "sweeping turns."  Id.  According to plaintiffs, riders commonly refer to the alleged design flaw or defect by many nicknames, including the Harley wobble ("Harley Wobble").  Id. ¶ 2.  The alleged design flaw contained in the Class Vehicles includes but is not limited to a defect in the design or manufacture of the Harley-Davidson rubber cushioned mount system.  Id. ¶ 4.  Plaintiffs allege that the Harley Wobble occurs when the Class Vehicles are driven within their normal or expected range of operation, and is a "safety related defect that causes serious drivability problems that are noticeable, severe, unsafe, including but not limited to loss of control." Id. ¶¶ 6, 13-14.  Plaintiffs Bruce and Wesley allege that they have personally experienced the Harley Wobble while riding their vehicles.  Id. ¶¶ 17, 23.  They seek to represent a class of all persons in California who purchased or leased the Class Vehicles.[2]  Id. ¶ 69.

---

[1] Specifically, Bruce owns a 2008 Harley-Davidson Ultra Classic and Wesley owns a 2008 Harley-Davidson FLHT.  FAC ¶¶ 16, 22.

[2] As to their implied warranty claim under the Song-Beverly Act, plaintiffs seek to represent a sub-class of persons who purchased or leased their motorcycles in California. FAC ¶ 69.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

According to plaintiffs, Harley-Davidson has been made fully aware of the defect contained in the Class Vehicles by customer complaints to Harley-Davidson directly and through its dealers, prerelease testing data and other internal records, personal injury lawsuits and settlements involving riders who were severely injured, among other sources of aggregate information about the problem. Id. ¶¶ 55, 61. Despite this knowledge, plaintiffs allege that Harley-Davidson has "actively concealed and failed to disclose" the existence and nature of the defect from plaintiffs and members of the class at the time of purchase or lease, or thereafter. Id. ¶¶ 5, 55. In addition, they allege that Harley-Davidson has not recalled the Class Vehicles to repair the defect or offered its customers a suitable repair, replacement, or reimbursement. Id. ¶ 12. Plaintiffs allege that Harley-Davidson's "failure to remedy the [Harley Wobble] is a business decision calculated to maintain [its] profits by avoiding costs . . . and avoiding any admission of liability." Id. ¶ 8. Furthermore, plaintiffs allege that several third-party solutions exist and that these aftermarket safety kits are available at a cost of approximately $400. Id. ¶¶ 10, 47-51. However, plaintiffs allege that Harley-Davidson discourages owners and lessees of the Class Vehicles from adding the safety kits to their vehicles by voiding the manufacturer's express warranty if they do so. Id. ¶¶ 20, 50. Members of the class, including plaintiff Wesley, have allegedly incurred costs related to remedying the Harley Wobble. Id. ¶¶ 12, 20, 25.

**III.   MOTION TO DISMISS**

   **A.   Legal Standard**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Discussion

Harley-Davidson moves to dismiss plaintiffs' FAC on various grounds. The Court addresses each of Harley-Davidson's arguments in turn.

#### 1. FRCP 9(b) Pleading Requirements for All Claims Grounded in Fraud

Harley-Davidson contends that the gravamen of plaintiffs' claims is that Harley-Davidson engaged in a fraudulent course of conduct over many years by actively concealing and failing to disclose an alleged known defect in certain models of its vehicles. Mot. at 6. It argues that because plaintiffs' claims are grounded in fraud, that the entire FAC must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). Id. at 5-7 (citing Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009) (finding that Rule 9(b)'s heightened pleading standards apply to CLRA and UCL claims where plaintiff alleges a unified course of fraudulent conduct and relies entirely on that conduct as the basis of these claims)). Harley-Davidson further argues that the requirements of particularized pleading apply equally to claims of non-disclosure. Id. at 6. Accordingly, Harley-Davidson contends that plaintiffs' generalized allegations of fraud, notably with respect to exclusive knowledge and active concealment, are vague and fall short of the particularity requirement. Id. at 7. Specifically, it maintains that there are no factual allegations addressing Harley-Davison's actions in failing to disclose or remedy the alleged defect, or that describe the role and participation of each defendant in the alleged fraudulent scheme. Id. Harley-Davidson further argues that plaintiffs' allegations regarding the purchase and alleged subsequent attempts to repair the vehicles, concern independent dealers of the vehicles, and not defendants. Id.

Plaintiffs respond that claims based on an omission or concealment "can succeed without the same level of specificity as required by a normal fraud claim." Opp'n at 5 (quoting Baggett v. Hewlett-Packard Co., 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007) (reasoning that a plaintiff will "not be able to specify the time, place, and specific content

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

of an omission as precisely as a plaintiff in a false representation claim")). Accordingly, plaintiffs contend that they have sufficiently pled their fraud based claims. Id. at 22. Specifically, plaintiffs argue that they alleged with particularity that Harley-Davidson possessed exclusive knowledge of aggregate information about the problem, the materiality of that information, and plaintiffs' reliance on the materiality of the non-disclosed information and consequent damages. Id. at 22-23 (citing Falk v. General Motors Corp., 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007)). Plaintiffs further argue that because both defendants allegedly failed to disclose the material facts at issue, rather than misrepresented a material fact, that plaintiffs need not plead specific allegations as to each defendant separately. Id. at 23. In support of this argument, plaintiffs contend that Harley-Davidson, Inc. is the parent company, and that Harley-Davidson Motor Company, Inc. is the manufacturer and distributor. Id.

In its reply, Harley-Davidson reiterates its argument that plaintiffs fail to demonstrate how the FAC is sufficient under Rule 9(b). Reply at 2-4.

The Court finds that in so far as plaintiffs' claims are based on allegations of a common course of fraudulent conduct, that the heightened pleading requirements of Rule 9(b) apply. See Kearns, 567 F.3d at 1127. Because plaintiffs do not distinguish between defendants in the FAC, the Court finds that plaintiffs do not plead with sufficient particularity attribution of the role in the alleged fraudulent scheme to actively conceal or fail to disclose, as to each defendant. See, e.g., Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) ("In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme."). Because plaintiffs' case is based on a theory of fraudulent omission or concealment, the Court recognizes that plaintiffs will "not be able to specify the time, place, and specific content of an omission as precisely as a plaintiff in a false representation claim." See Baggett, 582 F. Supp. 2d at 1267 (quoting Falk, 496 F. Supp. 2d at 1099-99). However, under Rule 9(b), plaintiffs must specifically allege as to Harley-Davidson, Inc. and Harley-Davidson Motor Company, Inc., their respective roles in the alleged fraudulent scheme — for example, which defendant possessed superior knowledge or actively concealed the alleged defect, or if the parent company allegedly ratified the acts of the manufacturer/distributor. Accordingly, the Court dismisses without prejudice plaintiffs' CLRA, UCL, and fraudulent omission claims, in so far as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

these claims are grounded in fraud.

### 2.     Claim for Fraud by Omission

Harley-Davidson further contends that plaintiffs do not state a claim for fraud by omission because they do not allege that Harley-Davidson is in a fiduciary relationship with plaintiffs, and thus under a duty to disclose. Mot. at 8 (citing, e.g., LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997)). Harley-Davidson emphasizes that plaintiffs do not allege a special transactional relationship between the parties, such as allegations that they purchased the Class Vehicles from Harley-Davidson, or entered into a contractual relationship with defendants. Id. at 9. Moreover, it argues that allegations in the FAC contradict plaintiffs' factual assertions that defendants had exclusive knowledge of the alleged defect. Id. at 9-10. Specifically, Harley-Davidson contends that based on plaintiffs' allegations of widespread publication and knowledge of the alleged defect, it is reasonable to infer that plaintiffs knew or should have known of the alleged defect. Id.; Reply at 4-5.

Plaintiffs respond that case law does not support Harley Davidson's argument that plaintiffs are precluded from bringing their fraudulent omission claim because they purchased their Class Vehicles from authorized dealers, rather than directly from Harley-Davidson. Opp'n at 21. In addition, plaintiffs reiterate that they have sufficiently pled a claim for fraud by omission. Id. at 22.

The Court has already concluded above that this claim should be dismissed without prejudice for failure to satisfy the pleading requirements of Rule 9(b).

### 3.     Claim for Violation of CLRA

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale . . . of goods or services to any consumer." Cal. Civ. Code § 1770. Plaintiffs allege that Harley-Davidson violated the CLRA by "failing to disclose and concealing the defective nature of the Class Vehicles" and by "inserting an unconscionable provision in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

the Class Vehicles' express warranty."[3]  FAC ¶¶ 80, 81.

Harley-Davidson contends that plaintiffs' CLRA claim fails to state a claim for relief for three reasons.  First, it argues that plaintiffs' allegations do not establish a duty to disclose because the FAC does not state with sufficient particularity when and where Harley-Davidson made an affirmative representation, if any, that contradicts its alleged omissions.  Mot. at 11 (citing Daugherty v. Am. Honda Motor Corp., 144 Cal. App. 4th 824, 835 (2006) (holding that a manufacturer can be liable under the CLRA for failure to disclose a defect if: (1) the omission is "contrary to a representation actually made by the defendant; or (2) "an omission of a fact the defendant was obligated to disclose.")).  Additionally, Harley-Davidson argues that an affirmative duty to disclose can only arise when the complaint alleges facts showing an instance of physical injury or safety concerns posed by the defect.  Id. at 12.  Because plaintiffs specifically exclude from the alleged class "those persons who have suffered personal injuries as a result" of the alleged defect, Harley-Davidson contends that plaintiffs should not be permitted to bootstrap a CLRA claim to allegations of safety concerns that are irrelevant to their claim for economic related damages.  Id.  Second, Harley-Davidson argues that plaintiffs' CLRA claim based on an unconscionable contract provision fails because plaintiffs do not allege that they suffered "damages," such as transaction costs, as a result of the enforcement of the allegedly unconscionable provision.  Id. at 12-13 (citing Cal. Civ. Code § 1780(a); Meyer v. Sprint Spectrum L.P., 45 Cal. 4th 634, 640-41 (2009)).  Furthermore, it argues that plaintiffs fail to allege facts showing both procedural and substantive unconscionability.  Id. at 14-15.  Finally, Harley-Davidson argues that plaintiffs failed to comply with the CLRA's pre-suit notice and demand requirements, pursuant to Cal. Civ. Code § 1782.[4]

---

[3] Specifically, the CLRA prohibits, in pertinent part, "representing that goods or services have . . . uses, benefits, or qualities which they do not have," or "are of a particular standard, quality or grade, . . . if they are of another," and "inserting an unconscionable provision in the contract."  Id. § 1770(a)(5), (7), & (19).

[4] The CLRA provides that at least thirty days prior to the commencement of an action for damages, the consumer shall notify the person alleged to have violated section 1770 and demand that the person "correct, repair, replace, or otherwise rectify the goods

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

Id. at 15.  It maintains that Harley-Davidson did receive demand letters dated January 13, 2009, from plaintiffs Bruce and Wesley, that sought damages based on a defect allegedly found in certain 1980 through 2008 Harley-Davidson motorcycles.  Id. at 16; Exs. A & B.  According to Harley-Davidson, it responded to plaintiffs' claims within the thirty day period.  Id.; Exs. C, D, & E.  The responses identify numerous possible reasons for the alleged wobble, and offer to inspect plaintiffs' motorcycles, investigate whether there are any defects, and offer to "discuss remedies that may satisfy [plaintiffs] and fully compensate them for their troubles" if Harley-Davidson does discover that there is "a design, manufacturing, or assembly defect."  Id.; Ex. E.  Harley-Davidson alleges that plaintiffs ignored these responses, and did not provide it the requested documentation, the opportunity to inspect plaintiffs' motorcycles, or to investigate whether there was any defect.  Id.  Accordingly, it argues that plaintiffs are barred from seeking damages for violation of the CLRA.  Id. at 17.

Plaintiffs respond that they have sufficiently alleged that Harley-Davidson was under a duty to disclose the Harley Wobble to class members.  Opp'n at 5-13.  They argue

---

or services alleged to be in violation of Section 1770."  Cal. Civil Code.  § 1782(a).  It further provides that a class action for damages cannot be maintained if the defendant complies with the requirements of subsection (c), which provides that

    (1)    All consumers similarly situated have been identified, or a reasonable effort to identify such other consumers has been made.
    (2)    All consumers so identified have been notified that upon their request the person shall make the appropriate correction, repair, replacement, or other remedy of the goods and services.
    (3)    The correction, repair, replacement, or other remedy requested by the consumers has been, or, in a reasonable time, shall be, given.
    (4)    The person has ceased from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, the person will, within a reasonable time, cease to engage, in the methods, act, or practices.

Cal. Civ. Code § 1782(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

that because Harley-Davidson allegedly failed to disclose material facts, of which it had exclusive knowledge and which concern defects in safety, and that plaintiffs allege the monetary costs associated with the defects, that their allegations are sufficient to support a claim under the CLRA. Id. 7-12. Plaintiffs further argue that Harley-Davidson was obligated to disclose the defect because they "actively concealed" it. Id. at 12. Plaintiffs also contend that their claims are not barred by the economic loss rule because they are not required to show personal injury in order to pursue claims under the CLRA and UCL. Id. at 13. As to their unconscionability claim under the CLRA, plaintiffs argue that they do have standing because they have personally experienced the Harley Wobble, and have incurred the transactional costs of filing the instant suit and the opportunity costs of not riding their vehicles. Id. at 16-17. Plaintiffs further argue that they sufficiently pled the procedural element of their unconscionability claim because the warranty provision, at issue, is a contract of adhesion with an allegedly hidden term. Id. at 18. Also, the terms of the warranty are substantively unconscionable, according to plaintiffs, because they are so "one-sided and harsh as to provide [Harley-Davidson] with the complete discretion to void the Class Vehicle's express warranty when class members install aftermarket safety party to remedy a defect for which Harley is responsible and has so far refused to repair." Id. at 19. Finally, as to the CLRA pre-suit notice requirement, plaintiffs contend that Harley-Davidson failed to properly respond to their demands made on a behalf of a class, pursuant to California Civil Code § 1782(c). Id. at 14. They argue that Harley-Davidson tried to circumvent the statutory requirements by addressing the potential claims on an individual basis, but that these responses are inadequate under the law. Id. at 15.

In its reply, Harley-Davidson reiterates the argument that plaintiffs fail to demonstrate that Harley-Davidson was under a duty to disclose. Reply at 5-9. Harley-Davidson also reiterates its argument that plaintiffs lack standing to bring a CLRA claim based on an unconscionable contract provision. Id. at 9-10. Furthermore, it emphasizes that plaintiffs have not sufficiently pled facts regarding procedural or substantive unconscionability – for example, that they lacked meaningful choice or that the express warranty term was hidden in a contract of adhesion. Id. at 12. Accordingly, Harley-Davidson requests that the Court strike plaintiffs' unconscionability arguments. Id. at 13. As to plaintiffs' CLRA notice, Harley-Davidson contends that it was insufficient and pretextual. Id. at 13-15. It further contends that section 1782(c) does not specify a time requirement, and that Harley-Davidson did respond in a timely manner to plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

demand letters.  Id.

Failure to disclose can constitute actionable fraud under the CLRA when defendant is obliged to disclose the fact at issue.[5]  Although plaintiffs' allegations concerning defendants' superior knowledge and active concealment of a "material" fact, could give rise to the reasonable inference that Harley-Davidson was under a duty to disclose the alleged defect, see, e.g., Marsikian v. Mercedes Benz, CV 08-4876 AHM (JTLx) (C.D. Cal. May 4, 2009), the Court finds, as previously discussed, that plaintiffs have not sufficiently alleged as under Rule 9(b) each defendant's role in the alleged fraud. Accordingly, the Court dismisses without prejudice plaintiffs' CLRA claim grounded in fraud.

As to the CLRA pre-suit notice and demand requirements, the Court finds that because plaintiffs' demand letters were made on behalf of a class of similarly situated consumers, that section 1782(c) controls the analysis.  Section 1782(c) requires that in order to defeat a class action lawsuit against a class injured by a practice proscribed under the CLRA, the party alleged to have committed the unlawful practice must adequately notify the members of the class and provide an opportunity for an appropriate remedy for the defective goods.  Cal. Civ. Code § 1782(c).  The Court finds that based on the exhibits submitted by Harley-Davidson, that it did not comply with these requirements. Specifically, the Court concludes that Harley-Davidson's attempt to remedy the demands of the individual named plaintiff are inadequate to preclude a class action.  See Kagan v. Gibraltar Sav. & Loan Ass'n, 35 Cal. 3d 582, 592-93 (1984), rev'd on other grounds, Meyer v. Spectrum L.P., 45 Cal. 4th 634, 642-44 (2009), which noted that section 1782(c) "precludes the further maintenance of the action only if all the described conditions are shown to exist."  However, the Court finds that plaintiffs' demand letters did not put

---

[5] The duty to disclose can arise in four circumstances:  (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact.  See Falk, 496 F. Supp. 2d at 1095.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

Harley-Davidson on adequate notice of the alleged violation of section 1770(a)(19), which prohibits unconscionable contract provisions. Section 1782(a)(1) provides that plaintiffs must notify Harley-Davidson of the "particular alleged violations of section 1770." However, although plaintiffs' demand letters specifically mention the alleged violations of section 1770(a)(5), (7), and (9), the letters make no mention of the Class Vehicles' express warranty, at issue in their unconscionability claim, or reference subsection (a)(19). See Mot., Ex. A & B. The Court concludes that plaintiffs cannot maintain a CLRA claim for damages based on an unconscionable contract provision, and thus grants Harley-Davidson's motion to dismiss this basis for plaintiffs' CLRA claim, without prejudice to its being renewed after full compliance with the required notice procedures have been achieved. See Outboard Marine Corp. v. Superior Court, 52 Cal. App. 3d 30, 40-41 (1975) (holding that "literal application of the notice provisions" is required because the purpose of the CLRA notice provision is "to give the manufacturer or vendor sufficient notice of the alleged defects to permit appropriate corrects"). In any event, the Court finds that plaintiffs' CLRA claim based on an unconscionable contract provision, fails to sufficiently state a claim for relief because based on the facts alleged in the FAC, plaintiffs do not have standing under the CLRA. Although plaintiffs allege that they have suffered damages as a result of the alleged defect, the Court finds that plaintiffs have not suffered "any damage as a result"of Harley-Davidson's purported unconscionable warranty provision because plaintiffs do not allege that Harley-Davidson has threatened or sought to enforce the provision at issue. See Meyer, 45 Cal. 4th at 642-44 (finding that because defendant had not sought to enforce any unconscionable term against plaintiffs, plaintiff had not suffered "any damage" within the meaning of CLRA's standing provision). Moreover, plaintiffs do not plead facts showing both procedural and substantive unconscionability. See Aron v. U-Haul Co. of Cal., 143 Cal. App. 4th 796, 808-09 (providing legal standard for claim of unconscionable business practices under the CLRA).

### 4. Claim for Violation of the UCL

Harley-Davidson contends that plaintiffs' UCL claim fails to state a claim for relief as to all three prongs of the UCL – unlawful, unfair, or fraudulent acts. Mot. at 17. First, it argues that plaintiffs have not pled an unlawful act because all of their other claims fail to state a valid claim for relief. Id. at 17-18. Second, Harley-Davidson argues that the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

need not separately analyze the UCL claim under the unfairness prong because the FAC alleges "a unified fraudulent course of conduct" such that the claims are grounded in fraud. Id. at 18 (quoting Kearns, 567 F.3d at 1227). However, even if the heightened pleading requirements of Rule 9(b) did not apply, Harley-Davidson contends that the factual allegations fall short of establishing a claim under the unfairness prong because they fail to demonstrate how Harley-Davidson's alleged actions violate public policy, or cause substantial, unavoidable consumer injury. Id. at 19; Reply at 17. Third, Harley-Davidson reiterates that plaintiffs fail to plead a UCL claim based on fraud with sufficient particularity. Mot. at 19-20; Reply at 17.

Plaintiffs respond that by violating the CLRA, Harley-Davidson has engaged in "unlawful practices" under the UCL. Opp'n at 19. In addition, they contend that to establish that Harley-Davidson's conduct constitutes fraud under the UCL, they need only show that "members of the public are likely to be deceived." Id. Accordingly, plaintiffs argue that Harley-Davidson's failure to allegedly disclose a safety defect constitutes fraudulent conduct under the UCL. Id. at 19-20. Finally, plaintiffs argue that they sufficiently allege, for purposes of a motion to dismiss, practices by Harley-Davidson that may, upon review of all the evidence, prove to be "unfair practices" under the UCL. Id. at 21.

Because, as discussed infra subsection III.B.5, the Court denies defendants' motion as to plaintiffs' breach of the implied warranty of merchantability, the Court finds that plaintiffs' have sufficiently stated a claim under the UCL, based on the alleged predicate violation of the Song-Beverly Act. Accordingly, the Court denies defendants' motion as to the UCL claim based on the unlawful prong. As to the unfairness and fraudulent prong, the Court finds that because plaintiffs allege a common fraudulent course of conduct, their claim is grounded in fraud. Accordingly, for the same reasons as discussed above with regard to the adequacy of plaintiffs' fraud allegations, the Court dismisses without prejudice plaintiffs' UCL claim in so far as it invokes the unfairness and fraudulent prong of the UCL. See Kearns, 567 F.3d at 1127.

### 5. Claim for Breach of the Implied Warranty of Merchantability

Harley-Davidson contends that plaintiffs, as retail consumers, cannot maintain their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

breach of the implied warranty of merchantability claim against manufacturers, unless they purchased the vehicles directly from the manufacturers. Mot. at 20. Because plaintiffs allege that they purchased their vehicles from independent dealers, such that there is no vertical privity between plaintiffs and defendants, Harley-Davidson argues that the claim must be dismissed as a matter of law. Id. at 20-21 (citing e.g., Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1023 (9th Cir. 2008) (finding that under Cal. Com. Code § 2314, the implied warranty provision invoked by plaintiffs, a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant )).

Plaintiffs respond that the plain language of the Song-Beverly Act does not impose a privity requirement for implied warranties for manufacturers. Opp'n at 24. Section 1792 provides that "every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civil Code § 1792. They contend that the authority cited by Harley-Davidson is inapposite because it concerns claims brought under Commercial Code section 2314 and not the Beverly-Song Act. Opp'n at 24.

Harley-Davidson replies that the Song-Beverly Act incorporates provisions of sections 2314 and 2315 of the California Commercial Code, and imports its requirements where the Act is silent. Reply at 18 (citing e.g., Am. Suzuki Motor Co. v. Sup. Ct., 37 Cal. App. 4th 1291, 1295 (1995)). Moreover, it argues that the language of the statue supports a privity requirement because the Song-Beverly Act provides retailers with an indemnity claim against manufacturers. Id. At 19.

Although Harley-Davidson points to case law that supports its position, the Court finds that the better reasoned case law does not requirement plaintiffs to be in vertical privity with defendants under the Song-Beverly Act. See Nvidia GPU Litigation, No. C 08-4312 JW, 2009 WL 4020104, at *4-*5 (N.D. Cal. Nov. 19, 2009) (discussing the split in case law and finding that the relevant question is whether the goods at issue were "sold at retail" rather than by the defendant manufacturer). Therefore, the Court denies defendants' motion as to plaintiffs' claim under Song-Beverly.

  **6.  Claim for Unjust Enrichment**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

Harley-Davidson contends that under California law, unjust enrichment is a theory of recovery, and not an independent legal claim. Mot. at 21 (citing Melchoir v. New Line Prods. Inc., 106 Cal. App. 4th 779, 793 (2003)). It further contends that because the CLRA and UCL provide for equitable relief, that plaintiffs' unjust enrichment claim should be dismissed as entirely duplicative of those claims. Id. at 22.

At oral argument, plaintiffs' counsel did not object to dismissing this claim. Accordingly, the Court grants the motion to dismiss plaintiffs' fifth claim for unjust enrichment.

**IV.   MOTION TO STRIKE**

   **A.   Legal Standard**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Engineers, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

   **B.   Discussion**

Harley-Davidson seeks to strike the CLRA, fraud, and unjust enrichment claims of class members who purchased their vehicles before September 10, 2006, and the UCL and implied warranty claims for those who purchased their vehicles before September 10,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals, V. HARLEY-DAVIDSON, INC., ET AL | | |

2005. It argues that plaintiffs have not identified sufficient facts to support their contention that Harley-Davidson's alleged concealment of the alleged defect with the Class Vehicles supports equitable tolling of the statute of limitations. Harley-Davidson further argues that plaintiffs' request for non-restitutionary disgorgement should be stricken as outside the scope of plaintiffs' equitable claims.

Because the named plaintiffs are not barred by the statute of limitations, the Court declines to reach the merits of defendants' motion to strike and finds that the issues are more properly addressed in connection with motions for class certification or summary judgment.

**V.  CONCLUSION**

In accordance with the foregoing, the Court DENIES defendants' motion to dismiss plaintiffs' claim for breach of the implied warranty and the UCL claim based on the unlawful prong. The Court GRANTS defendants' motion to dismiss plaintiffs' claims grounded in fraud, and thus plaintiffs' claims under the CLRA and the fraudulent prong of the UCL, and their claim for fraud by omission without prejudice; and GRANTS the motion to dismiss plaintiffs' claim for unjust enrichment with prejudice. The Court DENIES without prejudice defendants' motion to strike.

The Court grants plaintiffs leave to file an amended complaint curing the defects noted herein within twenty (20) days after the filing of this order. In the event that plaintiffs do not amend their complain within twenty (20) days, the Court will dismiss the claims at issue, with prejudice.

IT IS SO ORDERED.

| | : | n/a |
|---|---|---|
| Initials of Preparer | | PDP |