UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE; ET AL. v. HARLEY-DAVIDSON MOTOR COMPANY, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

NOT PRESENT        NOT PRESENT

**Proceedings:**   (In Chambers:) **MOTION PERMITTING PLAINTIFFS LEAVE TO FILE AND SERVE THIRD AMENDED COMPLAINT** (filed 05/19/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 21, 2010, is hereby vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION**

On September 10, 2009, plaintiffs Steven C. Bruce ("Bruce") and Norman T. Wesley, Jr. ("Wesley") filed the instant class action against Harley-Davidson, Inc. and Harley-Davidson Motor Company, Inc. On November 9, 2009, plaintiffs filed a first amended complaint ("FAC") alleging claims for (1) violation of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"); (2) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); (3) fraud by omission; (4) breach of the implied warranty, pursuant to Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791.1 and 1792 *et seq.* ("Song-Beverly Act"); and (5) unjust enrichment. On January 15, 2010, the Court granted in part and denied in part Harley-Davidson's motion to dismiss.[1]

---

[1] Specifically, the Court dismissed without prejudice plaintiffs' claims grounded in fraud, and thus plaintiffs' claims under the CLRA and the fraudulent prong of the UCL, and their claim for fraud by omission. The Court dismissed with prejudice plaintiffs' claim for unjust enrichment. The Court denied defendant's motion to dismiss plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE; ET AL. v. HARLEY-DAVIDSON MOTOR COMPANY, INC. | | |

  On February 4, 2010, plaintiffs filed their second amended complaint ("SAC") against Harley-Davidson Motor Company, Inc. ("Harley-Davidson") alleging claims for (1) violation of the CLRA; (2) violation of the UCL; (3) fraud by omission; (4) breach of the implied warranty, pursuant to the Song-Beverly Act; (5) breach of various states' implied warranty statutes; and (6) violation of various states' express warranty statutes.

  On April 19, 2010, the Court granted defendant's motion to dismiss plaintiffs' fifth and sixth claims of the SAC for violation of various states' implied and express warranties without prejudice. The Court denied defendant's motion to dismiss plaintiffs' (1), (2), (3) claims of the SAC for violation of the CLRA, UCL, and fraud by omission.

  On May 19, 2010, plaintiffs filed the instant motion for leave to file a third amended complaint ("TAC"). Defendant filed its opposition on May 28, 2010. A reply was filed on June 7, 2010. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II. FACTUAL BACKGROUND**

  Plaintiffs Bruce and Wesley, citizens of California, are owners of Harley-Davidson motorcycles.[2] SAC ¶¶ 16, 23. They allege that Harley-Davidson is a Wisconsin corporation. Id. ¶ 28. According to plaintiffs, beginning in 2002, if not earlier, Harley-Davidson manufactured and sold to consumers Harley-Davidson vehicles from certain model years ("Class Vehicles") that it knew had a design flaw and/or defect. Id. ¶ 1. The alleged defect causes "severe wobbling, weaving and/or instability," often at higher speeds usually beginning around 55 to 65 miles per hour and is especially prevalent when riders are making "sweeping turns." Id. According to plaintiffs, riders commonly refer to the alleged design flaw or defect by many nicknames, including the Harley wobble

---

claim for breach of the implied warranty and the UCL claim based on the unlawful prong.

  [2] Specifically, Bruce owns a 2008 Harley-Davidson Ultra Classic and Wesley owns a 2008 Harley-Davidson FLHT. SAC ¶¶ 16, 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE; ET AL. v. HARLEY-DAVIDSON MOTOR COMPANY, INC. | | |

("Harley Wobble"). Id. ¶ 2. The alleged design flaw contained in the Class Vehicles includes, but is not limited to, a defect in the design or manufacture of the Harley-Davidson rubber cushioned mount system. Id. ¶ 4. Plaintiffs allege that the Harley Wobble occurs when the Class Vehicles are driven within their normal or expected range of operation, and is a "safety related defect that causes serious drivability problems that are noticeable, severe and unsafe, including but not limited to loss of control." Id. ¶¶ 6, 13. Plaintiffs Bruce and Wesley allege that they have personally experienced the Harley Wobble while riding their vehicles. Id. ¶¶ 17, 24. They seek to represent a class of persons from twenty-five states who purchased or leased the Class Vehicles.[3] Id. ¶ 69. Further, plaintiffs allege that had they or other class members at the time of purchase or lease known about the defective nature of the Class Vehicles or the monetary costs associated with remedying the Harley Wobble, they would not have bought or lease the vehicle or would have paid less for them. Id. ¶ 14.

According to plaintiffs, Harley-Davidson has been made fully aware of the defect contained in the Class Vehicles by customer complaints to Harley-Davidson directly and through its dealers, prerelease testing data and other internal records, personal injury lawsuits and settlements involving riders who were severely injured, among other sources of aggregate information about the problem. Id. ¶¶ 55, 61. Despite this knowledge, plaintiffs allege that Harley-Davidson has "actively concealed and failed to disclose" the existence and nature of the defect from plaintiffs and members of the class at the time of purchase or lease, or thereafter. Id. ¶¶ 5, 55. Further, plaintiffs allege that Harley-Davidson had exclusive knowledge of the defective nature of the Class Vehicles, and knew that the defect was not known or reasonably discoverable without experiencing the defect first hand. Id. ¶ 61. Harley-Davidson has allegedly not recalled the Class Vehicles to repair the defect or offered its customers a suitable repair, replacement, or reimbursement. Id. ¶ 12. Plaintiffs allege that Harley-Davidson's "failure to remedy the [Harley Wobble] is a business decision calculated to maintain [its] profits by avoiding

---

[3] In the FAC, plaintiffs sought to represent a class of all California residents who purchased or leased the Class Vehicles. In the SAC, plaintiffs seek to expand the class and claims to represent residents of an additional twenty-four states and the District of Columbia, on claims for violation of each states' express and implied warranty statutes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE; ET AL. v. HARLEY-DAVIDSON MOTOR COMPANY, INC. | | |

costs . . . and avoiding any admission of liability." Id. ¶ 8.  Furthermore, plaintiffs allege that several third-party solutions exist and that these aftermarket safety kits are available at a cost of approximately $400.  Id. ¶¶ 10, 47-51.  However, plaintiffs allege that Harley-Davidson discourages owners and lessees of the Class Vehicles from adding the safety kits to their vehicles by voiding the manufacturer's express warranty if they do so.  Id. ¶¶ 20, 50.  Members of the class, including plaintiff Wesley, have allegedly incurred costs related to remedying the Harley Wobble.  Id. ¶¶ 12, 20, 25.

### III.  LEGAL STANDARD

Because the Court has not entered a pretrial scheduling order pursuant to Fed. R. Civ. P. 16 that established a deadline for amending pleadings, Fed. R. Civ. P. 15 applies. Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court."  Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982).  "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor."  Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).  However, "[u]ndue delay is a valid reason for denying leave to amend.'"  Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990)); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend.").  Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party.  Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied."  Jordan, 669 F.3d at 1324.  And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE; ET AL. v. HARLEY-DAVIDSON MOTOR COMPANY, INC. | | |

amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted). An amendment may be futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citing Baker v. Pacific Far East Lines, Inc., 451 F. Supp. 84, 89 (N.D. Cal. 1978)). The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the legal sufficiency of a pleading challenged under Rule 12(b)(6). Id.

**III.   DISCUSSION**

Plaintiffs contend that they should be granted leave to file a TAC to add claims for Harley-Davidson's alleged violations of various states' implied and express warranty statutes. Mot. at 1. In support of their contention, plaintiffs assert that Harley-Davidson is already on notice of the facts supporting plaintiffs' proposed implied and express warranty claims because they were implicated in the SAC.[4] Id. With respect to the additional implied warranty claims, plaintiffs contend that because they have limited their allegations and claims to various other states where, like California, vertical privity is not required, Harley-Davidson will not be prejudiced by having to defend itself against claims governed by substantially similar legal standards. Id. at 9. With respect to the new express warranty claims, plaintiffs contend that the underlying facts already alleged by plaintiffs support their new express warranty claims and therefore Harley-Davidson was put on notice that the terms of plaintiffs' express warranty claims would be at issue in this case. Id. Plaintiffs argue that the proposed amendment will not unduly delay the proceedings because the case is still at the pleadings stage and little of substance other than bringing and defending motions to dismiss has occurred. Id. at 11. Plaintiffs contend that there is

---

[4] In its April 19, 2010 order, the Court dismissed without prejudice the implied and express warranty claims because of a procedural defect in which plaintiffs had sought to add these new claims without having filed a properly noticed Rule 15 motion for leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE; ET AL. v. HARLEY-DAVIDSON MOTOR COMPANY, INC. | | |

no evidence that the proposed amendment to the complaint is made in bad faith. Id. at 14.

Harley-Davidson does not address concerns over prejudice, undue delay, or bad faith in its opposition. See Opp'n. Instead it argues that plaintiffs' allegations of violations of various states' implied and express warranty statutes are futile and that a motion for leave to amend may be denied on that basis alone. Opp'n at 2-3 (citing Deveraturda v. Globe Aviation Securities Services, 454 F.3d 1043, 1049-50 (9th Cir. 2006); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)). In this regard, Harley-Davidson asserts the amendments are futile for the following reasons. First, it argues that plaintiffs' class certification is likely to be denied because plaintiffs will not be able to prove the predominance requirement of class certification under Fed. R. Civ. P. 23(b)(3). Id. at 7. In addition, Harley-Davidson contends that because the named plaintiffs are not residents of, nor have they purchased or leased Harley-Davidson motorcycles in the states for which they allege violations of warranty laws, plaintiffs lack standing to bring these additional claims. Opp'n at 3-4.

Plaintiffs respond that potential difficulties over class certification are not enough to overcome the standards of Rule 12(b)(6), which requires that "[a]llegations of material fact must be taken as true and construed in the light most favorable to the nonmoving party." Reply at 4. Plaintiffs note that courts are exceedingly reluctant to dismiss or strike such claims at the pleadings stage because doing so would deny a plaintiff the opportunity to develop his claims and class through discovery. Id. at 5. Plaintiffs further respond that Harley-Davidson conflates Article III standing with the predominance requirement for certifying a class under Rule 23. Reply at 11. In this regard, plaintiffs assert that prior to certification, only named plaintiffs need to have standing. Id. at 13 (citing Lantz, et al. v. Am. Honda Motor Co., Inc., Case No. 1:06-cv-05392 (N.E. Ill. Jan. 17, 2008) (denying motion to strike nationwide class allegations)).[5] Plaintiffs conclude that the question of

---

[5] Plaintiffs request that the Court take judicial notice of three filings with the Court. Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986). As such, judicial notice is proper insofar as judicial notice is taken that these three court filings were made.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6588 CAS (RZx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | STEVEN C. BRUCE; ET AL. v. HARLEY-DAVIDSON MOTOR COMPANY, INC. | | |

whether plaintiffs are suitable representatives for individuals in other states who suffered similar injury is a question for class certification that need not be decided at the pleadings stage.  Id. at 11.

Because Fed. R. Civ. P. 15(a) requires that leave to amend shall be freely given when justice so requires, the Court finds that plaintiffs have sufficiently pled their claims and grants their motion for leave to file a TAC.  Insofar as Harley-Davidson contends that plaintiffs will be unable to certify a class and that plaintiffs lack standing to bring classwide claims, the Court finds that Harley-Davidson's challenge would be more appropriately decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record.

**IV.   CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS plaintiffs' motion for leave to file an amended complaint.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |

---

The Court GRANTS plaintiffs' request for judicial notice to the extent that the Court take judicial notice that the three documents were filed with the Court.