JEFFREY A. ROSENFELD (SBN 136896)
jeffrey.rosenfeld@dlapiper.com
ANA TAGVORYAN (SBN 246536)
ana.tagvoryan@dlapiper.com
MATTHEW D. CAPLAN (SBN 260388)
mattew.caplan@dlapiper.com
**DLA PIPER LLP (US)**
1999 Avenue of the Stars, Suite 400
Los Angeles, CA  90067-6023
Tel:  310.595.3000
Fax:  310.595.3300

Attorneys for Defendant
Harley-Davidson Motor Company Group, LLC
(erroneously sued herein as Harley-Davidson Motor
Company, Inc.)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. BRUCE, and NORMAN T. WESLEY, JR., individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC.,<br><br>Defendants. | CASE NO.  CV 09-6588 CAS (RZx)<br><br>**DISCOVERY MATTER**<br><br>*[Assigned to Hon. Ralph Zarefsky]*<br><br>**[PROPOSED]** PROTECTIVE ORDER<br><br>*[Filed Concurrently with Stipulated Protective Order and Declaration of Hageman]*<br><br>Complaint Filed:  September 10, 2009 |

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

1    Plaintiffs Steven C. Bruce and Norman T. Wesley, Jr. ("Plaintiffs") and

2    Defendant Harley-Davidson Motor Company Group, LLC (erroneously sued herein

3    as Harley-Davidson Motor Company, Inc.) ("Defendant"), by and through their

4    respective counsel of record, hereby STIPULATE AND AGREE, and accordingly

5    request, that the Court enter the following order:

6    **1.      PURPOSES AND LIMITATIONS**

7            Disclosure and discovery activity in this action are likely to involve

8    production of confidential, proprietary, or private information for which special

9    protection from public disclosure and from use for any purpose other than

10   prosecuting this litigation would be warranted.  Accordingly, the parties hereby

11   stipulate to and petition the Court to enter the following Stipulated Protective Order

12   based on the good cause stated in the Declaration of Martin Hageman filed

13   concurrently herewith.  The parties acknowledge that this Order does not confer

14   blanket protections on all disclosures or responses to discovery and that the

15   protection it affords extends only to the limited information or items that are

16   entitled under the applicable legal principles to treatment as confidential. Plaintiffs

17   have not had an opportunity to review the documents that are the subject of the

18   Hageman declaration, and thus of necessity rely on the representations contained

19   therein, and reserve their rights to challenge any such designation pursuant to

20   paragraph 4 of this Stipulation.

21   **2.      DEFINITIONS**

22           2.1     <u>Party</u>:  any party to this action, including all of its officers, directors,

23   employees, consultants, retained experts, and outside counsel (and their support

24   staff).

25           2.2     <u>Disclosure or Discovery Material</u>:  all items or information, regardless

26   of the medium or manner generated, stored, or maintained (including, among other

27   things, testimony, transcripts, or tangible things) that are produced or generated in

28   disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items:  confidential research, development, or commercial information, confidential information of non-parties, financial information, intellectual property, including, at this time:

- the results of high speed stability testing conducted pursuant to confidential and proprietary protocols, the data from which is processed using confidential and proprietary techniques;
- engineering drawings and associated documents which embody the results of Harley-Davidson's product design and development processes;
- the content of customer satisfaction surveys and Harley-Davidson's proprietary analysis thereof;
- documents related to the proprietary Harley-Davidson durability testing program, including the identity of the riders, courses run, mileage accrued, course descriptions and Test Incident Reports generated during the process of validating the subject motorcycles prior to their release to commerce;
- proprietary customer contact system operation manuals;
- confidential dealership agreements and documents related to conditions of sale and service of Harley-Davidson vehicles;
- non-public Harley-Davidson Engineering department policies and procedures; and
- proprietary Production Part Approval Process files.

Notwithstanding the foregoing, Confidential Information shall not mean Disclosure or Discovery Materials produced or disclosed that are or become, without violating any law or any order of any other court, and apart from production or disclosure in connection with this action, a matter of public record or publicly available by law or otherwise.  Additionally, the parties reserve their rights to, as the scope and breadth of this lawsuit develops, later decide that other categories of information require

similar protection.  In that event, the parties will move for a protective order related to that information.

2.4     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party:  a Party or non-party that designates Disclosure or Discovery Materials as "Confidential."

2.7     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential."

2.8     Outside Counsel:  attorneys who are not employees, or In-House Counsel, of a Party but who are attorneys retained to represent or advise a Party in this action.

2.9     In-House Counsel:  attorneys who are employees of a Party in this action.

2.10   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.11   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.  Professional vendors includes a professional jury or trial consultant retained in this litigation.

**3.      DESIGNATING PROTECTED MATERIAL**

3.1     Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material.

(b)     <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, a Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  Following the deposition, the Designating Party shall have 30 days, after the transcript becomes available, to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.  If the Designating Party states on the record at the deposition that some portions of the deposition transcript will be designated confidential, then prior to the expiration of the 30 day period, the transcript shall be treated as "CONFIDENTIAL."

(c)     <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

3.2     A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must

1     affix the appropriate legend ("CONFIDENTIAL") on each page that contains

2     Protected Material.

3          3.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

4     failure to designate qualified information or items as "Confidential" does not,

5     standing alone, waive the Designating Party's right to secure protection under this

6     Order for such material.  If material is appropriately designated as "Confidential"

7     after the material was initially produced, the Receiving Party, on timely notification

8     of the designation, must make reasonable efforts to assure that the material is

9     treated in accordance with the provisions of this Order, and must immediately (a)

10     notify in writing the Designating Party of any disclosures of such Protected

11     Material, (b) use its best efforts to retrieve all copies of the Protected Material, and

12     (c) inform the person or persons to whom disclosures were made of all the terms of

13     this Order.  If the undesignated documents have already been filed with the Court

14     without the confidential designation, the Designating Party may move the court for

15     filing of the document under seal.

16   **4.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17          4.1    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

18     Designating Party's confidentiality designation must do so in good faith and must

19     begin the process by conferring directly with counsel for the Designating Party.  In

20     conferring, the challenging Party must explain the basis for its belief that the

21     confidentiality designation was not proper and must give the Designating Party an

22     opportunity to review the designated material, to reconsider the circumstances, and,

23     if no change in designation is offered, to explain the basis for the chosen

24     designation.  A challenging Party may proceed to the next stage of the challenge

25     process only if it has engaged in this meet and confer process first.

26          4.2    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

27     confidentiality designation after considering the justification offered by the

28     Designating Party must, pursuant to F.R.C.P. 37, Local Rule 37, and the rules of

1    this Court, file and serve a motion that identifies the challenged material and

2    affirms that the movant has complied with the meet and confer requirements

3    imposed in the preceding paragraph.  Pursuant to Local Rule 37, this motion must

4    be accompanied by a Joint Stipulation of the parties involved setting forth each

5    party's position.  The Designating Party bears the burden of persuading the Court

6    that the information is Confidential within the definition of that term set forth

7    above.

8    **5.     ACCESS TO AND USE OF PROTECTED MATERIAL**

9           5.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

10   disclosed or produced by another Party or by a non-party in connection with this

11   case only for prosecuting, defending, or attempting to settle this litigation.  Such

12   Protected Material may be disclosed only to the categories of persons and under the

13   conditions described in this Order.  No disclosure or discovery designated as

14   "CONFIDENTIAL" shall be used or communicated by any persons receiving it for

15   any purpose whatsoever other than the preparation of this case for trial.  When the

16   litigation has been terminated, a Receiving Party must comply with the provisions

17   of section 8, below (FINAL DISPOSITION).

18          5.2    Protected Material must be stored and maintained by a Receiving Party

19   at a location and in a secure manner that ensures that access is limited to the

20   persons authorized under this Order.

21          5.3    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

22   otherwise ordered by the Court or permitted in writing by the Designating Party, a

23   Receiving Party may disclose any information or item designated

24   CONFIDENTIAL only to:

25          (a)    the Receiving Party's Outside Counsel of record in this action,

26   as well as staff of said Outside Counsel to whom it is reasonably necessary to

27   disclose the information for this litigation;

28          (b)    the parties, including In-House counsel for Defendant;

1    (c)    the officers, directors, and employees of Defendant;

2    (d)    Experts and associated personnel to whom disclosure is

3    reasonably necessary for this litigation;

4    (e)    the Court and its personnel;

5    (f)    court reporters to whom disclosure is reasonably necessary for

6    this litigation;

7    (g)    Professional Vendors to whom disclosure is reasonably

8    necessary for this litigation;

9    (h)    in preparation for or during their depositions, pre-trial hearing

10   testimony, or trial testimony, witnesses in the action to whom disclosure is

11   reasonably necessary.  Pages of transcribed deposition testimony or exhibits to

12   depositions that reveal Protected Material may not be disclosed to anyone except as

13   permitted under this Stipulated Protective Order.

14   (i)    the author of the document or the original source of the

15   information, or witnesses who have already received a copy of the Protected

16   Material from the author of the document or the original source of the information

17   as evident from the face of the material.

18   (j)    any other person to whom the Producing Party (and, if not the

19   same person or entity, the Designating Party) has consented to disclosure in

20   advance and in writing.

21   5.4    No party shall disclose documents or other material designed

22   "CONFIDENTIAL" to any experts not assisting in this litigation.  Disclosure shall

23   be made to Experts or other non-party witnesses only as is reasonably necessary for

24   the prosecution of this lawsuit and only after the person to whom disclosure is to be

25   made has been provided with a copy of this Order and has agreed to be bound by it.

26   Such Expert(s) or third-party witnesses shall review this Order and execute an

27   Acknowledgment and Agreement To Be Bound attached hereto as Exhibit A prior

28   to reviewing documents designated as "CONFIDENTIAL."

**6.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**7.    FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5 and this Court's published procedures requiring an application to the Court for an order to seal documents.  When an application to file Protected Material under seal is made, the Designating Party shall bear the burden of persuading the Court that the Protected Material is Confidential within the meaning of that term as set forth above and that it should be sealed.

**8.    USE OF PROTECTED MATERIAL IN COURT**

~~The Receiving Party shall notify the Producing Party (and, if not the same person or entity, the Designating Party) before any pre-trial hearing during which the Receiving Party may make argument referencing Protected Material and before any trial during which the Receiving Party may reference or introduce Protected Material into evidence.  Counsel for any party may seek to exclude from hearing or trial any person (other than the witness then testifying) who is not authorized under this Order, during any presentation or questioning that involves Protected Material, upon motion to the Court in accordance with Fed. R. Civ. P. 26(c).  The parties'~~

1   ~~agreement to the terms of this paragraph shall not constitute agreement that such an~~
2   ~~exclusion may be appropriate in this proceeding.~~

3   **9.      FINAL DISPOSITION**

4          Unless otherwise ordered or agreed in writing by the Producing Party, within
5   sixty (60) days after the final termination of this action, each Receiving Party must
6   destroy or return all Protected Material to the Producing Party.  As used in this
7   subdivision, "all Protected Material" includes all copies, abstracts, compilations,
8   summaries or any other form of reproducing or capturing any of the Protected
9   Material.  Whether the Protected Material is returned or destroyed, the Receiving
10  Party must submit a written certification to the Producing Party (and, if not the
11  same person or entity, to the Designating Party) by the sixty day deadline that
12  identifies (by category, where appropriate) all the Protected Material that was
13  returned or destroyed and that affirms that the Receiving Party has not retained any
14  copies, abstracts, compilations, summaries or other forms of reproducing or
15  capturing any of the Protected Material.  Notwithstanding this provision, Outside
16  Counsel are entitled to retain archival copies of all pleadings and motion papers
17  including exhibits, transcripts, legal memoranda, correspondence or attorney work
18  product, even if such materials contain Protected Material.  Any such archival
19  copies that contain or constitute Protected Material remain subject to this Protective
20  Order as set forth in Section 10 (DURATION), below.

21  **10.    SCOPE**

22         The protections conferred by this Stipulation and Order cover not only
23  Protected Material (as defined above), but also any information copied or extracted
24  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus
25  testimony, conversations, or presentations by Parties or counsel to or in Court or in
26  other settings that might reveal Protected Material.  Nothing herein shall impose
27  any restrictions on the use or disclosure of documents, material, or information
28  obtained independently of the discovery proceedings in this action, whether or not

such documents, material, or information are also obtained through discovery proceedings in this action, to the extent that such use or disclosure is not inconsistent with or in violation of the terms of any protective order entered in any other proceeding to which such materials or information may be subject and/or in contravention of any applicable law.

**11. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  This Court retains and shall have jurisdiction over the parties, their attorneys and all recipients of discovery designated "CONFIDENTIAL" for the enforcement of the provisions of this Order following termination of this case, and/or to terminate all or some of the provisions of this Order on application by any party.

**12. MISCELLANEOUS TERMS**

12.1   This Order shall not preclude parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

12.2   No provision of this Order is intended to limit the right of any party, counsel for any party, or any recipient of discovery from seeking to modify the terms of this Order at any time in the future or from seeking relief of the restrictions imposed by this Order concerning discovery designated as "CONFIDENTIAL."

12.3   This Order shall be binding upon the parties to this action, the attorneys for each party and upon any recipient of discovery designated as "CONFIDENTIAL" and upon any successor, executor, personal representative, administrator, heir, legal representative, assignee, subsidiaries, division, employee, agent, independent contractor, or other person or legal entity over which any party or attorney or recipient of documents covered by this Order may have control.

10

1  PURSUANT TO STIPULATION,

2
3       This order shall not govern materials submitted in connection with

4  dispositive motions or at trial.  If any party seeks protection of materials in

5  connection with such proceedings, the party shall apply separately to the judicial

6
7  officer who will preside over those proceedings.

8  **IT IS SO ORDERED.**

9
              June 23, 2010
10  Dated: _____

11                The Honorable Ralph Zarefsky,
12                United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          11

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under
penalty of perjury that I have read in its entirety and understand the Stipulated
Protective Order that was issued by the United States District Court for the Central
District of California on _____ [date] in the case of *Bruce, et al. v.
Harley-Davidson Motor Company, Inc.*, Case No. CV09-6588 CAS (RZx).  I agree
to comply with and to be bound by all the terms of this Stipulated Protective Order
and I understand and acknowledge that failure to so comply could expose me to
sanctions and punishment in the nature of contempt. I solemnly promise that I will
not disclose in any manner any information or item that is subject to this Stipulated
Protective Order to any person or entity except in strict compliance with the
provisions of this Order.  I further agree to submit to the jurisdiction of the United
States District Court for the Central District of California for the purpose of
enforcing the terms of this Stipulated Protective Order, even if such enforcement
proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]
Signature:   _____
                          [signature]

DLA Piper LLP (US)
Los Angeles

[PROPOSED] PROTECTIVE ORDER
WEST\22056710.1